UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                       :
ALEXANDRA ROBINSON,                                    :
                                                       :
                              Plaintiff,               :
                                                       :          20-CV-8175 (VSB)
              - against -                               :
                                                       :          **OPINION & ORDER**
                                                       :
NEW YORK CITY DEPARTMENT OF                            :
EDUCATION,                                             :
                                                       :
                              Defendant.               :
                                                       :
-------------------------------------------------------X

<u>Appearances</u>:

Danilo Bandovic (New York, NY)
Ian Michael Bryson (Philadelphia, PA)
Derek Smith Law Group, PLLC
*Counsel for Plaintiff*

Aliza Jordana Balog
Noah Potter
New York City Law Department
New York, New York
*Counsel for Defendant*

<u>VERNON S. BRODERICK, United States District Judge</u>:

        Before me is the motion of Defendant New York City Department of Education

("Defendant" or "DOE") to dismiss the amended complaint (Doc. 18 ("Amended Complaint" or

"Am. Compl.")) filed by Plaintiff Alexandra Robinson ("Plaintiff"). (Doc. 19.)  Plaintiff filed

the Amended Complaint in response to my Opinion & Order which granted Defendant's motion

to dismiss Plaintiff's initial complaint and granted Plaintiff leave to amend the complaint. (Doc.

16, "*Robinson I*".)  Because I find that Plaintiff failed to comply with state law notice

requirements, Defendant's motion to dismiss Plaintiff's Amended Complaint is GRANTED.

## I.     __Factual & Procedural Background__[1]

I assume familiarity with the factual and procedural history set forth in *Robinson I*.  In

*Robinson I*, I granted Defendant's motion to dismiss Plaintiff's constitutional claims under the

First and Fourteenth Amendments of the United States Constitution, pursuant to 42 U.S.C. §

1983, and declined to exercise supplemental jurisdiction over Plaintiff's state law claims for

whistleblower retaliation, pursuant to the New York State Civil Service Law, N.Y. Civ. Serv.

Law § 75-b ("NYCSL"), and the New York Labor Law § 740 ("NYLL").  (*Robinson I* 8–21.)

However, I granted Plaintiff leave to amend her complaint.  (*Id*. 21–22.)  In doing so, I noted that

*Robinson I* "laid out many glaring deficiencies in Plaintiff's Complaint," and suggested that,

"with the benefit of Defendant's briefing and [the] Opinion & Order . . . any amended complaint

be tailored to address the deficiencies identified in Plaintiff's initial Complaint, including

addressing the disposition that she signed on May 12, 2020, . . . in which Plaintiff admits to at

least some of the conduct specified in DOE's termination letters and affirms that she violated

several provisions of the New York City Charter."[2]  (*Id*. 22.)

On November 19, 2021, Plaintiff filed her Amended Complaint.  (Am. Compl.)  The

Amended Complaint asserts only state law claims for violations of the NYLL and NYCSL.  (*Id*.

¶¶ 56–75.)  On December 10, 2021, Defendant filed a motion to dismiss the Amended

Complaint, (Doc. 19), a supporting memorandum of law, (Doc. 20 ("MTD")), and the

declaration of Aliza J. Balog, (Doc. 21).  On December 24, 2021, Plaintiff filed a memorandum

---

[1] The facts set forth herein are taken from the allegations contained in her Amended Complaint.  (Am. Compl.)  I
assume Plaintiff's allegations in the Amended Complaint to be true for purposes of this motion.  *See Kassner v. 2nd
Ave. Delicatessen Inc*., 496 F.3d 229, 237 (2d Cir. 2007).  However, my reference to these allegations should not be
construed as a finding as to their veracity, and I make no such findings.

[2] These deficiencies are laid out in greater detail in my Opinion & Order dismissing Plaintiff's Complaint.
(*Robinson I* 8–21.)

of law in opposition.  (Doc. 22 ("Opp.").)  On December 30, 2021, Defendant filed a reply
memorandum of law.  (Doc. 23.)

## II.   **Legal Standard**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a
complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is
plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.
Twombly*, 550 U.S. 544, 570 (2007)).  A claim will have "facial plausibility when the plaintiff
pleads factual content that allows the court to draw the reasonable inference that the defendant is
liable for the misconduct alleged."  *Id.*  This standard demands "more than a sheer possibility
that a defendant has acted unlawfully."  *Id.*  "Plausibility . . . depends on a host of considerations:
the full factual picture presented by the complaint, the particular cause of action and its elements,
and the existence of alternative explanations so obvious that they render plaintiff's inferences
unreasonable."  *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts
alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor.
*Kassner*, 496 F.3d at 237.  A complaint need not make "detailed factual allegations," but it must
contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a
cause of action."  *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).  Although all
allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal
conclusions."  *Id.*

A complaint is "deemed to include any written instrument attached to it as an exhibit or
any statements or documents incorporated in it by reference."  *Chambers v. Time Warner, Inc.*,
282 F.3d 147, 152 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*,

62 F.3d 69, 72 (2d Cir. 1995)).

### III.   Discussion

Plaintiff fails to satisfy the notice of claim requirements for her action.  The New York

State Education Law § 3813 provides that:

> No action or special proceeding, for any cause whatever. . . . or claim against the
> district or any school, or involving the rights or interests of any district or school
> shall be prosecuted or maintained against any school district, board of education,
> school. . . . or any officer [thereof] unless it shall appear by and as an allegation in
> a complaint or necessary moving papers that a written verified claim upon which
> such action or special proceeding is founded was presented to the governing body
> of said district or school within three months after accrual of such claim.

N.Y. Educ. Law § 3813(1).

"Notice of claim requirements 'are construed strictly by New York state courts,' and

failure to comply with these requirements 'ordinarily requires a dismissal for failure to state a

cause of action.'"  *Ramsaroop v. Dep't of Educ. of City of New York*, No. 20 CIV. 4947 (ER),

2022 WL 376029, at *9 (S.D.N.Y. Feb. 8, 2022) (quoting *Hardy v. New York City Health &*

*Hosp. Corp.*, 164 F.3d 789, 793–94 (2d Cir. 1999)).  If a plaintiff fails to allege compliance with

N.Y. Educ. Law § 3813 in the complaint, his or her NYCSL claim must be dismissed.  *See id.*

(dismissing NYCSL claim for failure to allege compliance with notice of claim requirements);

*Smith v. New York City Dep't of Educ.*, 808 F. Supp. 2d 569, 583 (S.D.N.Y. 2011) (dismissing

all retaliation state law claims against defendants for plaintiff's failure to file a notice of claim);

*Moore v. Middletown Enlarged City Sch. Dist.*, 871 N.Y.S.2d 211 (2d Dep't 2008) (affirming

dismissal of a NYCSL claim for failure to serve timely notice).  The same is true of claims

brought pursuant to the NYLL.  *See Flynn v. New York City Bd. of Educ.*, No. 00 CIV. 3775

(LAP), 2002 WL 31175229, at *9–10 (S.D.N.Y. Sept. 30, 2002) (dismissing NYLL claim

because "plaintiff did not file a notice of claim with the Board of Education"); *Waronker v.*

*Hempstead Union Free Sch. Dist.*, No. 218CV393DRHSIL, 2019 WL 235646, at *7 (E.D.N.Y.

Jan. 16, 2019), *aff'd*, 788 F. App'x 788 (2d Cir. 2019) (dismissing NYLL claim for failure to "file a written verified claim with the School District and/or the Board three months after the accrual of such claim and before filing the instant action").

Plaintiff claims that, on September 25, 2019, she submitted a report to Defendant outlining the basis of her claims, and asserts that this report should qualify as a timely-filed notice of claim.  (Opp. 9 (citing Am. Compl. ¶ 49).)  Under N.Y. Educ. Law § 3813, "a notice of claim must contain sufficient information to permit the [DOE] to conduct an adequate investigation of the allegations.  Specifically, in determining the sufficiency of a notice of claim, the relevant inquiry is whether it includes information sufficient to enable the [DOE] to investigate the claim. . . . ."  *Hartley v. Rubio*, 785 F. Supp. 2d 165, 185 (S.D.N.Y. 2011) (cleaned up).  To support her position that she submitted a notice of claim, Plaintiff relies on her assertion that she "submitted a rebuttal to Mr. Moran that demonstrated that the SCI reports were false."  (Am. Compl. ¶ 49.)[3]  She claims that "DOE could have easily determined that the information contained in the SCI reports was incorrect, but chose not to.  DOE could have independently investigated the information contained in the SCI reports but chose not to."  (*Id.*)  She further asserts that "DOE could have investigated whether [she] had mismanaged the Navman project, but chose not to (DOE extended the Navman project after [her] termination, which indicates that the system did in fact work)."[4]  (*Id.*)  Plaintiff then cites to "Exhibit A, Response to the Special Commissioner of Investigation Report on DOE's Office of Pupil

---

[3] As used in the Amended Complaint, "SCI" refers to the Special Commissioner of Investigation for the New York City School District.  (Am. Compl. ¶ 11.)  Kevin Moran was Plaintiff's direct supervisor after the departure of her prior supervisor, Eric Goldstein.  (*Id.* ¶ 13.)

[4] As I noted in my initial Opinion & Order, Plaintiff referenced the Navman Project but never explained it. (*Robinson I* 6 n.3.)  Plaintiff makes no further efforts in her Amended Complaint to explain it, and only references it here.

Transportation Contract for Medicaid Reimbursement for Transportation." (*Id.*)[5]  This report

(the "Rebuttal Report"), even construing both it and Plaintiff's allegations about it favorably,

cannot serve as an adequate notice of claim for three reasons.  First, Plaintiff only sent the

Rebuttal Report to Moran, (Am. Compel. ¶ 49), and thus did not properly serve the DOE.  The

New York State Education Law specifically requires that the notice of claim be "presented to the

governing body of said district or school within three months after accrual of such claim."  N.Y.

Educ. Law § 3813.

 Second, the Rebuttal Report concerned Plaintiff's issues with SCI's report on the

management of the Navman project.  At no point in this 22-page document does Plaintiff discuss

the claims she now brings against DOE or anything that could colorably be construed as such.

(Doc. 14 at 4–25.)  Indeed, the Rebuttal Report could not address Plaintiff's NYCSL and NYLL

retaliation claims, which both allege adverse action based on the termination of her employment

on October 4, 2019.  (Am. Compl. ¶¶ 59, 69.)  The Rebuttal Report is dated September 25, 2019.

(Doc. 14 at 4.)  The Rebuttal Report predates the retaliatory acts Plaintiff bases her claims on.  It

does not meaningfully discuss other actions by Plaintiff that allegedly led to her retaliatory

firing, such as disclosures to various investigative agencies such as the FBI either.  (Am. Compl.

¶¶ 60, 70.)  Given this, the Rebuttal Report is not a notice of claim because it is not "sufficient to

enable the [DOE] to investigate the claim."  *Hartley*, 785 F. Supp. 2d at 185 (internal citation

and quotation marks omitted).

 Finally, the New York State Education Law requires "potential plaintiffs to file a notice

of claim with the government body . . . within 90 days of claim accrual before commencing a

---

[5] "Exhibit A" was submitted as part of Plaintiff's prior opposition to Defendant's first motion to dismiss and was not resubmitted as part of the new opposition.  (Doc. 14 at 4–25.)  Nonetheless, as it is part of the record in this case already, and has been incorporated by reference into the Amended Complaint, I consider it here.

lawsuit." *Ramsaroop*, 2022 WL 376029, at *9; *Smith*, 808 F. Supp. 2d at 583; *Crescent Elec. Installation Corp. v. Bd. of Educ. of City of New York (I.S. 151 P.S. 156)*, 421 N.Y.S.2d 376, 377 (N.Y. 1979). Plaintiff sent the Rebuttal Report before the termination of her employment; therefore, to the degree her claim accrued because of her termination, she was required to file an amended notice within 90 days after the termination of her employment. *See Spano v. Cty. of Onondaga*, 565 N.Y.S.2d 665, 666 (N.Y. 1991) (dismissing plaintiff's cause of action because "he served his notice of claim before that cause of action accrued"). Plaintiff does not point to any document after her October 4, 2019 firing that could serve as such a notice.

Alternatively, if, as I find, the Rebuttal Report is not a notice of claim, then Plaintiff argues that the New York State Education Law provides that "the court, in its discretion, may extend the time to serve a notice of claim," (Opp. 9 (citing N.Y. Educ. Law § 3813)), and that I should grant such an extension to file this notice. This argument is unavailing. Any "extension shall not exceed the time limited for the commencement of an action by the claimant against any district or any such school." N.Y. Educ. Law. § 3813(2)(a). Here, the termination of Plaintiff's employment occurred on October 4, 2019, marking the latest possible date of accrual of the cause of action. (Am Compl. ¶ 51.) There is a one-year statute of limitations period for NYCSL claims, N.Y. Civ. Serv. Law § 75-b(3)(c), and two-year statute of limitations for NYLL claims, N.Y. Labor Law § 740(4). Thus, any extension request I could grant would come after the statute of limitation had run for Plaintiff's NYCSL claims (October 4, 2020), and her NYLL claims (October 4, 2021). On these grounds alone, I must deny any extension request to file a notice of claim. *See Avgerinos v. Palmyra-Macedon Cent. Sch. Dist.*, 690 F. Supp. 2d 115, 128 n.9 (W.D.N.Y. 2010) ("This statutory limitation of the Court's power to extend the time to serve notice of claim divests the court of authority to grant an extension beyond the expiration of the

statute of limitations for the claim.")  In addition, Plaintiff does not explain why I should exercise my discretion beyond stating, without explanation that "Defendant has not been substantially prejudiced."  (Opp. 9.)  I do not find this conclusory assertion to be a reasonable basis on which to grant a discretionary extension, even if I was empowered to do so.

Based on New York courts' strict construction of notice of claim requirements, *Hardy*, 164 F.3d at 793–94, and Plaintiff's failure to comply with those requirements, Plaintiff's NYCSL and NYLL claims are dismissed.[6]

## IV.    <u>Conclusion</u>

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's Amended Complaint is GRANTED.  The Clerk of Court is respectfully directed to terminate the open motion at Doc. 19 and close the case.

SO ORDERED.

Dated: September 12, 2023
       New York, New York

_____
Vernon S. Broderick
United States District Judge

---

[6] Because I dismiss Plaintiff's state law claims based on her failure to submit a notice of claim, I need not analyze the other ways in which Plaintiff's remaining claims fail.